**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DAMON ROBINSON,**

        Petitioner,

  vs.                                     Civil Action 2:15-cv-2627
                                           Judge Smith
                                           Magistrate Judge King

**WARDEN, BELMONT CORRECTIONAL**
**INSTITUTION,**

        Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this habeas corpus action under 28 U.S.C. § 2254, appearing to challenge the exercise by the Ohio Parole Board of jurisdiction over Petitioner. Although the *Petition*, ECF No. 1, is not entirely clear, it appears that Petitioner contends that his parole arising from a 1994 criminal conviction should have been terminated, but was not. *Petition*.[1] This matter is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Before a federal habeas court may grant habeas corpus relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (1993). *See also* 28 U.S.C. § 2254(d)(1). If a habeas petitioner has the right under state law to raise a claim by

---

[1] The website of the Ohio Department of Rehabilitation and Correction, http://www.drc.state.oh.us/OffenderSearch/details.aspx?id=A695349&pg=x, appears to indicate that Petitioner is currently detained on 2013 convictions for receiving stolen property and failure to comply, and on a 1999 conviction for felonious assault.

any available procedure, he has not exhausted that claim. 28 U.S.C. 2254 (b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

In Ohio, a state court action for a writ of habeas corpus under O.R.C. § 2725.01 *et seq.*, is the appropriate remedy when the claim is that the Ohio Adult Parole Authority lacks jurisdiction over a person. *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991). It does not appear that Petitioner has filed such an action.[2] Petitioner has therefore not exhausted the claims presented in this action.

It is therefore **RECOMMENDED** that this action be dismissed, without prejudice, for failure to exhaust available state court remedies.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to

---

[2] Petitioner states that he "sen[t] this matter to John R. Kasich." *Petition*, p. 2.

appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                *s/Norah McCann King*
                                                 Norah M$^{c}$Cann King
                                      United States Magistrate Judge

July 30, 2015